D. Maimon Kirschenbaum
Lucas Buzzard
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| **JOSE REINOSO, on behalf of himself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **DOWNTOWN RESTAURANT COMPANY, LLC, d/b/a CIPRIANI DOWNTOWN, GC ALPHA, LLC, d/b/a CIPRIANI DOLCI, 42nd STREET LESSEE, LLC d/b/a CIPRIANI, GC BALLROOM OPERATOR, LLC, d/b/a CIPRIANI CLUB 55, CIPRIANI USA, INC., IGNAZIO CIPRIANI, MAGGIO CIPRIANI, FEDERICO CONTU, and ANABEL ESPINAL,** | |
| **Defendants.** | |

-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Downtown Restaurant Company LLC is a New York Corporation that owns and operates Cipriani Downtown Restaurant located at 376 West Broadway.

4. Defendant GC Alpha, LLC is a New York Corporation that operates Cipriani Dolci in Grand Central Station, Manhattan.

5. Defendant 42nd Street Lessee, LLC is a New York corporation that owns and operates Cipriani Restaurant located at 110 West 42nd Street.

6. Defendant GC Ballroom Operator, LLC is a New York corporation that owns and operates Cipriani Club 55 located at 55 Wall Street.

7. Each of the above restaurants are referred to collectively herein as the "Restaurants."

8. Defendant Cipriani USA, Inc. is a holding company that owns and operates the Restaurants.

9. Each of the Restaurants has an annual gross volume of sales in excess of $500,000.

10. The Restaurants are part of a single integrated enterprise that jointly employed Plaintiff and those similarly situated at all relevant times. The corporate Defendants are owned, and their operations are conducted, by Defendants Ignacio and Maggio Cipriani, and they are all subject to the same general management and the payroll practices described herein.

11. All of the Restaurants' liquor licenses name either Maggio or Ignacio Cipriani as principals.

12. All of the restaurants share a website, www.Cipriani.com, and operate under the name "Cipriani."

13. All of the Restaurants have centralized control of labor operations, as payroll and human resources for all the Restaurants are run out of one office on 42nd Street.

14. Defendants Maggio and Ignacio Cipriani actively manage the Restaurants.

15. They have actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at the Restaurants.

16. Maggio Cipriani has told the New York Post, with respect to himself and his brother Ignacio, "We are highly involved in the day-to-day operations of the business."

17. Defendants Maggio and Ignacio Cipriani work alongside a team of eight management executives who oversee the company's finance and legal departments.

18. The Restaurant Defendants and Maggio and Ignacio Cipriani are hereafter referred to as the "Cipriani Defendants."

19. Defendant Federico Contu is the general manager at Cipriani Downtown.

20. Defendant Anabel Espinal is a Human Resources executive that works for the Cipriani Defendants.

21. Plaintiff Jose Reinoso was employed by Defendants as a server at Cipriani Downtown for roughly 21years until July of 2017.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than

3

service managers, employed by Defendants at any of the Restaurants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

23. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

24. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

25. Plaintiff brings the Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants at any of the Restaurants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

26. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

27. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than sixty (60) members of the Class.

28. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum wage and overtime compensation due and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

d) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

e) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

f) Whether Defendants gave Plaintiff and the Class members the wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

### Wage and Hour Claims

33. Plaintiff's consent to sue form is attached hereto as Exhibit A.

34. Plaintiff was paid an hourly rate that is lower than the federal minimum wage until January of 2016 and lower than the New York State minimum wage for his entire employment.

35. Plaintiff was in fact paid the "tip credit" minimum wage under the FLSA and NYLL.

36. Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law because they did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

37. Because Defendants inappropriately availed themselves of the tip credits, Defendants also paid Plaintiff the wrong rate for overtime when Plaintiff worked more than 40 hours in a week.

38. N.Y. Lab. Law § 195 requires an employer's weekly wage statement to set forth any allowances being applied to the Plaintiff's pay. However, Plaintiff's weekly pay stubs failed to set forth accurately the tip credit being applied to Plaintiff's wage.

39. Defendants committed the foregoing acts willfully and against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## Race & National Origin Discrimination

40. Plaintiff was an excellent employee who was never reprimanded throughout his 21 years of employment with Defendants.

41. In fact, Plaintiff was a "fixture" at Cipriani Downtown. He was well-known and beloved to Cipriani's customers and staff alike.

42. Plaintiff is a Hispanic-American from Ecuador.

43. In or about 2014/2015, Federico Contu became the manager of Cipriani Downtown.

44. Mr. Contu is Italian.

45. Since Mr. Contu began working in this position, he made known that he favored Italian service employees over Hispanic ones.

46. For example, before Mr. Contu's tenure, Cipriani Downtown employed 5 Hispanic servers and 2 Italian servers. Over the course of Mr. Contu's tenure, Mr. Contu got rid of four Hispanic servers (including Plaintiff) through either termination or demotion. Each of the Hispanic servers was replaced with an Italian server.

47. Mr. Contu's campaign to rid the restaurant of Hispanic employees was blatant and well-known in the restaurant.

48. For example, the restaurant employed two floor managers, Alicia and Milton Calle. Mr. Calle is Ecuadorian. Alicia informed Mr. Calle that Mr. Contu wanted to terminate Plaintiff because he no longer wanted Hispanic servers at the restaurant.

49. In fact, Mr. Calle himself, another beloved employee that worked at Cipriani Downtown for about 30 years, informed Plaintiff that he believed Mr. Contu would soon end his own employment because he is Hispanic.

50. Plaintiff for years had been assigned to double (lunch and dinner) shifts on Saturdays, a favorable shift assignment. Shortly after his tenure began, Mr. Contu took away the double shift from Plaintiff and replaced it with a Tuesday dinner shift, a far less favorable shift where Plaintiff earned less tip income.

51. On or about July 18, 2017, Defendants falsely accused Plaintiff of "comping" a dessert and drinks to a customer without permission.

52. These charges were patently false. The customers in question had been seated at the bar and were then seated in the dining room by a different waiter. That waiter's shift ended while the customers were still finishing their meal. Plaintiff took over the table for the departing

9

waiter. The bartender, Milan, who had begun serving the customers at the beginning of the evening, told Plaintiff that the desserts for this table were to be comped.

53. In short, the customers' drinks, if they were in fact comped, were comped by the bartender, as were the desserts. The restaurant management was well aware of this because the bartender spoke to them about the entire incident and resigned his employment the following day because of the incident.

54. Nevertheless, without ever questioning Plaintiff, a long-time, well trusted employee with an unblemished record, Defendants terminated Plaintiff.

55. Specifically, Anabel Espinal called Plaintiff to Cipriani's central human resources office and told him he was being fired.

56. Again, Plaintiff had never been written up or disciplined before this in his entire 20-year tenure with the restaurant.

57. Plaintiff attempted to explain to Ms. Espinal what had happened, and she said she would discuss the matter with Mr. Contu.

58. Several days later, on July 24, 2017, Ms. Espinal told Plaintiff that she spoke with Mr. Contu, and his termination was final.

59. Shortly thereafter, Plaintiff met personally with Maggio Cipriani to explain to him the patently unfair and ridiculous allegations leading to his termination and to plead for his job. Mr. Cipriani refused to intercede on Plaintiff's behalf, allowing the discriminatory termination to stand.

# FIRST CLAIM FOR RELIEF
## FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs against the Cipriani Defendants

60. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

62. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

63. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

# SECOND CLAIM FOR RELIEF
## FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs against the Cipriani Defendants

64. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

66. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

67. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

68. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

69. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

70. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

71. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

72. Defendants' failure to pay Plaintiff and members of the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

73. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650** *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

74. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

75. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

76. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

77. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

78. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

79. Defendants did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

80. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

**SIXTH CLAIM FOR RELIEF**
**42 U.SC. § 1981, Race Discrimination**
**Brought by Plaintiff on Behalf of Himself against all Defendants**

81. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

82. In violation 42 U.S.C. § 1981, Defendants intentionally discriminated against Plaintiff on the basis of his Hispanic race.

83. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

84. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

85. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss, emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**NYSHRL, N.Y. Exec. Law § 296(7), Race and National Origin Discrimination
Brought by Plaintiff on Behalf of Himself against all Defendants**

86. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

87. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of his race and/or national origin.

88. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

89. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

90. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss, emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**NYCHRL, N.Y. Admin. Code §§ 8-101 *et seq.*, Race and National Origin Discrimination
Brought by Plaintiff on Behalf of Himself against all Defendants**

91. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

92. In violation of NYCHRL, Defendant intentionally discriminated against and/or aided and abetted discrimination against Plaintiff on the basis of his race and/or national origin.

93. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

94. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

95. Defendant's conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

96. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss, emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

97. The New York City Commission on Human Rights will be notified and sent a copy of this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23.

E. Designation of Plaintiff as Representative of the Class.

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendant;

H. Penalties available under applicable laws;

I. Costs of action incurred herein, including expert fees;

J. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

K. Pre-judgment and post-judgment interest, as provided by law; and

L. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: New York, New York          Respectfully submitted,
       November 3, 2017
                                   JOSEPH & KIRSCHENBAUM LLP


                                   By: _/s/ D. Maimon Kirschenbaum_____
                                       D. Maimon Kirschenbaum
                                       Lucas Buzzard
                                       32 Broadway, Suite 601
                                       New York, NY 10004
                                       Tel: (212) 688-5640
                                       Fax: (212) 688-2548

                                   *Attorneys for Named Plaintiff, proposed
                                   FLSA Collective Plaintiffs, and proposed
                                   Class*

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **CIPRIANI DOWNTOWN, LLC** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Jose V. Reinoso Leivn
Full Legal Name (Print)

_____
Signature

10/03/2017
Date