UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE REINOSO, on behalf of himself and others similarly situated,,

                Plaintiff,

          -against-

DOWNTOWN RESTAURANT COMPANY, LLC, d/b/a CIPRIANI DOWNTOWN, GC ALPHA, LLC, d/b/a CIPRIANI DOLCI, 42nd STREET LESSEE, LLC d/b/a CIPRIANI, GC BALLROOM OPERATOR, LLC, d/b/a CIPRIANI CLUB 55, CIPRIANI USA, INC., IGNAZIO CIPRIANI, MAGGIO CIPRIANI, FEDERICO CONTU, and ANABEL ESPINAL,

                Defendants.

---

Case No. 17-CV-08509-VSB

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

---

Defendants Cipriani USA, Inc. et al. ("Cipriani" or "Defendants"), by their undersigned attorneys Littler Mendelson, P.c. hereby answer the Complaint ("Complaint") of Plaintiff Jose Reinoso ("Plaintiff" or "Reinoso").  Any allegation not explicitly admitted is denied.  Moreover, the headings contained within the Complaint are not substantive allegations to which an answer is required.  To the extent those headings are substantive allegations to which an answer is required, Defendants deny the allegations.  In answer to the Complaint, Defendants state as follows:

### JURISDICTION AND VENUE

    1.    Defendants deny the allegations in Paragraph 1 of the Complaint, but agree that jurisdiction is proper in this Court.

    2.    Defendants deny the allegations in Paragraph 2 of the Complaint, but admit that venue is proper in this jurisdiction.

## **THE PARTIES**

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint, but deny that they are a proper defendant in this case.

5. Defendants admit the allegations in Paragraph 5 of the Complaint, but deny that they are a proper defendant in this case.

6. Defendants admit the allegations in Paragraph 6 of the Complaint, but deny that they are a proper defendant in this case.

7. Paragraph 7 of the Complaint contains no allegations and thus no response is required.

8. Defendants admit the allegations in Paragraph 8 of the Complaint, but deny that they are a proper defendant in this case.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint does not contain any allegations and therefore no response is required.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

### FLSA COLLECTIVE ACTION ALLEGATIONS

22. Paragraph 22 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

25. Paragraph 25 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

### FACTS

#### Wage and Hour Claims

33. Paragraph 33 of the Complaint contains no allegations and therefore no response

is required.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

**Race and National Origin Discrimination**

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 contains no new allegations and as such does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

### FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs against the Cipriani Defendants**

60. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

### SECOND CLAIM FOR RELIEF
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs against the Cipriani Defendants**

64. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.***
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

69. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

### FOURTH CLAIM FOR RELIEF
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

74. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

75. Paragraph 75 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

### FIFTH CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class against the Cipriani Defendants**

78. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

### SIXTH CLAIM FOR RELIEF
**42 U.S.C. § 1981, Race Discrimination**
**Brought by Plaintiff on Behalf of Himself against all Defendants**

81. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

### SEVENTH CLAIM FOR RELIEF
**NYSHRL, N.Y. Exec. Law § 296(7), Race and National Origin Discrimination**
**Brought by Plaintiff on Behalf of Himself against all Defendants**

86. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

### EIGHTH CLAIM FOR RELIEF
**NYCHRL, N.Y. Admin. Code §§ 8-101 *et seq.*, Race and National Origin Discrimination Brought by Plaintiff on Behalf of Himself against all Defendants**

91. Defendants repeat and reallege their answers to the preceding allegations of the Complaint as though fully set forth herein.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

DEFENDANTS DENY THAT PLAINTIFF IS ENTITLED TO ANY OF THE RELIEF DESCRIBED IN THE "WHEREFORE" CLAUSE OF THE COMPLAINT, OR TO ANY OTHER FORM OF RELIEF WHATSOEVER, AND DENY THAT DEFENDANTS ENGAGED IN ANY UNLAWFUL CONDUCT.

### DEFENSES

Defendants assert the following affirmative and other defenses to the Complaint, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some but not the entire class or collective of allegedly similarly situated persons, if class or collective certification is granted.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

### THIRD DEFENSE

The claims of Plaintiff and/or the putative class or collective are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, contributory fault, unclean hands, and/or the applicable statute of limitations.

### FOURTH DEFENSE

On information and belief, Plaintiff and/or the putative class or collective has no damages or, alternatively, has failed to mitigate his damages. If Plaintiff and/or the putative class or collective did mitigate his or their alleged damages, Defendants are entitled to an offset against any damages allegedly due to Plaintiff and/or the putative class or collective.

### FIFTH DEFENSE

To the extent that Plaintiff and/or the putative class or collective claim(s) punitive damages, those claims are barred in that Defendants did not act maliciously or with reckless indifference toward Plaintiff and/or the putative class or collective.

### SIXTH DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

### SEVENTH DEFENSE

Plaintiff cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the employment actions about which he complains were taken for legitimate, non-discriminatory business reasons.

### NINTH DEFENSE

Any damages suffered by Plaintiff and/or the putative class or collective were a result of his or their own conduct and were not caused by or attributable to Defendants.

### TENTH DEFENSE

Defendants maintain an anti-discrimination policy with a complaint procedure, and trains employees and supervisors to comply with those policies. Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination.

### ELEVENTH DEFENSE

Plaintiff cannot offer a model of damages that is amendable to class or collective treatment.

### TWELFTH DEFENSE

Plaintiff's claims, and/or the claims of the putative class or collective, are barred, in whole or in part, to the extent the after-acquired evidence doctrine applies.

### FOURTEENTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior. All actions taken with respect to Plaintiff were taken in good faith, and without fraud, oppression, malice, recklessness, or willful misconduct.

**FIFTEENTH DEFENSE**

Defendants did not encourage, condone, or acquiesce in any alleged discriminatory or conduct towards Plaintiff.

**SIXTEENTH DEFENSE**

Certification of a class or collective, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

**SEVENTEENTH DEFENSE**

Plaintiff and the putative collective and/or class members' claims are barred to the extent that Plaintiff or the putative class and/or collective members lack standing to bring then. In particular, Plaintiff, as a former employee, lacks standing to represent the putative class or collective of current employees. For these and other reasons, Plaintiff is inadequate as a representative of the class or collective.

**EIGHTEENTH DEFENSE**

If Plaintiff and/or any putative class or collective members succeed in establishing any violations under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceedings, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative class or collective members over and above their wages and/or beyond the time period compensable under the NYLL and/or FLSA.

**NINTEENTH DEFENSE**

Plaintiff and/or the putative class or collective members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

**TWENTIETH DEFENSE**

To the extent discovery reveals that Plaintiff and/or the putative class or collective members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrines of estoppel and unclean hands to bar the claims asserted by Plaintiff and/or the putative class or collective members.

**TWENTY-FIRST DEFENSE**

Plaintiff and/or the putative class or collective members' claims are barred, in whole or in part, because, to the extent any violations are establishes, they constitute *de minimis* violations.

**TWENTY-SECOND DEFENSE**

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

**TWENTY-THIRD DEFENSE**

Plaintiff is not an adequate class representative because plaintiff's interests are divergent from the interests of the putative class and/or collective.

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become

evidence during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiff or any putative class or collective member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendants their costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Date:   December 4, 2017
        New York, New York

*/s/ A. Michael Weber*
A. Michael Weber
Daniella Adler
LITTLER MENDELSON, P.C.
  A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE REINOSO, on behalf of himself and others similarly situated,<br><br>                  Plaintiff,<br><br>       -against-<br><br>DOWNTOWN RESTAURANT COMPANY, LLC, d/b/a CIPRIANI DOWNTOWN, GC ALPHA, LLC, d/b/a CIPRIANI DOLCI, 42nd STREET LESSEE, LLC d/b/a CIPRIANI, GC BALLROOM OPERATOR, LLC, d/b/a CIPRIANI CLUB 55, CIPRIANI USA, INC., IGNAZIO CIPRIANI, MAGGIO CIPRIANI, FEDERICO CONTU, and ANABEL ESPINAL,<br><br>                  Defendants. | Case No. 1:17-cv-08509-VSB<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on December 4, 2017, I caused a copy of the foregoing Defendants' Answer and Defenses to Plaintiff's Complaint to be served via ECF upon the following:

> D. Maimon Kirschenbaum
> JOSEPH KIRSCHENBAUM LLP
> 32 Broadway, Suite 601
> New York, NY 10004
> Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December, 2017 in New York, New York.

                                                              */s/ A. Michael Weber*
                                                               A. Michael Weber