```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE REINOSO, et al.,                                       :
                                                            :
                              Plaintiffs,                   :
                                                            :          17-CV-8509 (VSB)
                  -v-                                       :
                                                            :          OPINION & ORDER
                                                            :
MAGGIO CIPRIANI, et al.,                                    :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/30/2019

VERNON S. BRODERICK, United States District Judge:

On November 3, 2017, Plaintiff Jose Reinoso filed this action—to which Plaintiff Oscar Gonzalez opted-in on May 25, 2018, (Doc. 38)—against Downtown Restaurant Company LLC, GC Alpha, LLC, 42nd Street Lessee, LLC, GC Ballroom Operator, LLC, Cipriani USA, Maggio Cipriani, Ignacio Cipriani, Federico Contu, and Anabel Espinal ("Defendants"), alleging violations of, inter alia, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"), (*see generally* Doc. 1). Plaintiffs allege various violations of the FLSA and NYLL, including that Defendants failed to pay them certain minimum wages. (*See id.*)

On December 12, 2018, the parties advised me that they had reached a settlement. (*See* Doc. 48.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "A reasonable agreement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an

employer's overreaching." *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (internal quotation marks omitted). Accordingly, the parties submitted a joint letter attaching their proposed settlement agreement and explaining how the terms of their proposed settlement are fair and reasonable, along with the bases supporting their request for attorneys' fees, including contemporaneous billings records for each attorney who worked on the case. (*See* Doc. 48.)

For the reasons stated below, I find the terms of the settlement to be fair, reasonable, and adequate and therefore approve the parties' Settlement Agreement. I have also separately assessed the attorneys' fees requested and find that the fees requested are reasonable.

**I.     Legal Standard**

    **A.     *Settlement Amount***

To determine whether a settlement amount is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at

*2 (S.D.N.Y. July 29, 2016) (internal quotation marks omitted).

### B.     *Attorneys' Fees*

Where a settlement agreement includes a provision for attorneys' fees, courts must "separately assess the reasonableness of plaintiffs' attorney's fees." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). It is within a court's discretion whether to award attorneys' fees based on either the lodestar method or the percentage of the settlement fund. *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016). "'[T]he trend in this Circuit is toward the percentage method,' although it is for [the] district court to determine 'the appropriate method' in a particular case." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417, 419 (2d Cir. 2010)). Courts regularly approve attorneys' fees of up to one-third of the settlement amount in FLSA cases. *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015); *see also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667(PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.").

District courts are encouraged to "cross-check" the percentage fee requested against counsel's "lodestar." *Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043(PAE), 2015 WL 5577713, at *13 (S.D.N.Y. Sept. 22, 2015) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In applying the lodestar method, courts first calculate the "lodestar" amount by multiplying the reasonable number of hours worked on the case by a reasonable hourly rate of compensation, and then adjust the lodestar based upon case-specific

considerations. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

"It bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded . . . may not exceed what is 'reasonable' under the circumstances." *Hart*, 2015 WL 5577713, at *13 (quoting *Goldberger*, 209 F.3d at 47). In analyzing the reasonableness of the fee, a court should be guided by the following factors: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014) (citing *Goldberger*, 209 F.3d at 50). Furthermore, because the "adversary system is typically diluted" in attorneys' fees determinations, as defendants have little incentive to challenge the amount of attorneys' fees once a settlement amount is agreed to, the fee must be assessed "based on scrutiny of the unique circumstances of each case, and a jealous regard to the rights of those who are interested in the [settlement amount]." *Goldberger*, 209 F.3d at 52–53 (internal quotation marks omitted).

## II. Discussion

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for a gross settlement amount of $33,000. (Doc. 48-1 at 2.) The settlement amount contemplates $11,000 in attorneys' fees and costs. (*Id.*; *see also* Doc. 48 at 3.) After deducting that amount, the settlement will allocate approximately $22,000 to Plaintiffs—$11,478.34 payable to Plaintiff Reinoso and $10,521.66 payable to Plaintiff Gonzalez, (Doc. 48-1 at 2). This amount represents approximately 20% of the total amount Plaintiffs claim they could have recovered had they prevailed on their claims at trial. (*See* Doc. 48 at 2.)

4

The parties contend that the settlement is fair considering the anticipated costs and risks associated with trial.  (*Id*.)  In particular, Defendants produced wage records contradicting Plaintiff's allegations, supporting Defendants' argument concerning the hours worked by Plaintiffs, and increasing the risk that Plaintiffs' recovery might be limited if the case were to proceed to trial.  (*Id*.)  Given the uncertainty of recovery, as well as the inherent risks and costs associated with trial, settlement appears to be an efficient resolution of the matter.  The proposed settlement also appears to be the product of adversarial, arms'-length bargaining between experienced counsel, and there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  (*See id*. at 3.)  Nor are there any factors present that typically weigh against approving a settlement.  *See Wolinsky*, 900 F. Supp. 2d at 336.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the Settlement Agreement appears to be a fair and reasonable resolution of Plaintiff's claims.

      **B.**    *Attorneys' Fees*

I next consider the attorneys' fees and costs contemplated in the Settlement Agreement.  The attorneys' fees and costs sought amount to $11,000, which represents approximately one-third of the total settlement amount.  (*See* Doc. 48 at 3.)  In support of the attorneys' fees award, Plaintiffs' counsel submitted contemporaneous billing records for the four attorneys who worked on Plaintiffs' case.  (*See* Doc. 48-2.)  Attorney D. Maimon Kirschenbaum, the managing partner of the firm representing Plaintiffs, is billed out by the firm at the rate of $450 per hour, and worked approximately 25 hours on Plaintiffs' case; attorney Josef Nussbaum, an associate, is billed out by the firm at the rate of $325 per hour, and worked approximately 44 hours on Plaintiffs' case; attorney Lucas Buzzard, an associate, is billed out by the firm at the rate of $300

per hour, and worked approximately 10 hours on Plaintiffs' case; and attorney Denise Schulman, a partner, is billed out by the firm at the rate of $400 per hour, and worked approximately 0.3 hours on Plaintiffs' case.  (*See* Doc. 48 at 3–4.)  Courts in this District have determined that $250 to $450 per hour is the range of appropriate fees for attorneys with significant wage and hour litigation experience, and $175 to $250 per hour is an appropriate range for junior attorneys.  *See, e.g.*, *Rosendo v. Everbrighten Inc.*, No. 13cv7256-JGK-FM, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) ("[A]ttorneys in FLSA cases typically command . . . rates of between $250 and $450 per hour, depending on their level of experience."), *report and recommendation adopted*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015); *Easterly v. Tri-Star Transp. Corp.*, No. 11 CV 6365(VB), 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced civil rights and employment litigators.").  Based on the number of hours worked and the attorneys' hourly rates, the lodestar amounts to $32,170.  (Doc. 48 at 4.)

   Given that the proposed attorneys' fees represent approximately one-third of the total settlement amount, and are significantly less than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable—I find the fees contemplated in the Settlement Agreement to be fair and reasonable.

### III. Conclusion

For the reasons stated above, I find the settlement, including the contemplated attorneys' fees, fair and reasonable. Accordingly, the Settlement Agreement of the parties, (Doc. 48-1), is hereby APPROVED. The Clerk's Office is respectfully directed to close the case.

SO ORDERED.

Dated: May 30, 2019
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge